UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MICHAEL C. YANCEY,

                Plaintiff,

    v.                                              9:17-CV-0381
                                                             (BKS/CFH)

DOUGLAS ROBERTSON,

                Defendant.

---

APPEARANCES:                              OF COUNSEL:

MICHAEL C. YANCEY
16-A-4993
Plaintiff, pro se
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403

DANIEL C. LYNCH, ESQ.                MICHAEL L. GOLDSTEIN, ESQ.
ALBANY COUNTY ATTORNEY
Attorney for Defendant
112 State Street
Albany, New York 12207

BRENDA K. SANNES
United States District Judge

## DECISION AND ORDER

      Plaintiff Michael C. Yancey commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 asserting allegations of wrongdoing that occurred, if at all, while plaintiff was incarcerated at Albany County Correctional Facility. Dkt. No. 1 ("Compl."). Plaintiff also requested leave to proceed in forma pauperis. Dkt. No. 2 ("IFP Application"). By Decision and Order filed on June 20, 2017, plaintiff's IFP Application was granted, and after screening the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), this Court dismissed several claims and defendants from this action,

and found that the Eighth Amendment medical indifference claim against defendant Robertson survived sua sponte review and required a response.  Dkt. No. 4 (the "June 2017 Order").  Defendant Robertson has submitted an answer to plaintiff's complaint.  Dkt. No. 12.  A Mandatory Pretrial Discovery and Scheduling Order issued on August 30, 2017.  Dkt. No. 13.  Presently before the Court is plaintiff's motion requesting preliminary injunctive relief.  Dkt. No. 14.  Defendant opposes the motion.  Dkt. No. 19.

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'"  *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)).  However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher.  *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)).  A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief."  *Cacchillo*, 638 F.3d at 406 (citing *Citigroup Global Mkts*., 598 F.3d at 35 n.4) (internal quotation marks omitted)); *see also Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim).  The

same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v. Bloomberg*, No. 06-CV-0403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008).  The district court has wide discretion in determining whether to grant preliminary injunctive relief.  *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005).  "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons."  *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted).

Plaintiff is incarcerated at Mid-State Correctional Facility ("Mid-State C.F.").  *See* Dkt. No. 14.  In support of his request, plaintiff alleges that the medical staff at Mid-State C.F. have discontinued medication that he requires for his serious medical needs.  *Id*. at 1-2. Plaintiff asks the Court to "help" him.  *Id*.  Plaintiff also expresses concern regarding the safety of his family at his home in Albany, New York, claiming that one of the other tenants in the same building has threatened to harm his family.  *Id*. at 2.

Defendant opposes the motion arguing that he is not the proper party "to respond to plaintiff's request for relief."  Dkt. No. 19.

Construing the motion liberally, plaintiff claims, in part, that has been denied adequate medical care in deliberate indifference to his serious medical needs in violation of the Eighth Amendment.  Because an alleged violation of a constitutional right "triggers a finding of irreparable harm," the Court **will assume for purposes of this motion only** that plaintiff satisfies the requirement that a party applying for a preliminary injunction

3

demonstrate irreparable harm. *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996); *see also Statharos v. New York City Taxi and Limousine Comm'n*, 198 F.3d 317, 322 (2d Cir. 1999) ("Because plaintiffs allege deprivation of a constitutional right, no separate showing of irreparable harm is necessary.").

Nonetheless, "'[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint.'" *Candelaria v. Baker,* No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (citations omitted). *See, e.g., Scarborough v. Evans*, No. 9:09-CV-0850 (NAM/DEP), 2010 WL 1608950, at *2 (N.D.N.Y. Apr. 20, 2010) (motion for preliminary injunction alleging use of excessive force and denial of medical care by non-parties denied where complaint alleged denial of mental health care and proper conditions of confinement); *Lewis v. Johnston*, No. 9:08-CV-0482 (TJM/ATB), 2010 WL 1268024, at *3 (N.D.N.Y. Apr. 1, 2010) (denying motion for injunctive relief based upon actions taken by staff at Great Meadow Correctional Facility in 2010, where the complaint alleged wrongdoing that occurred at Franklin and Upstate Correctional Facilities in 2006 and 2007). Here, plaintiff's allegations that medical staff at Mid-State C.F. have discontinued or refused to provide plaintiff with certain medication in September, 2017, or that his family has been threatened at their home in Albany, New York, are not sufficiently related to the claims in the complaint that defendant Robertson allegedly denied plaintiff access to medical care for an allergic reaction that plaintiff suffered in April, 2016, while he was incarcerated at Albany County Correctional Facility. *Compare* Dkt. No. 14 *with* Compl.

To the extent that plaintiff seeks injunctive relief against unidentified staff at Mid-State C.F. - who are not defendants in the present action - injunctive relief is available against

non-parties only under very limited circumstances, none of which are present here. *See* Fed.R.Civ.P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

Accordingly, for the foregoing reasons, plaintiff's motion for preliminary injunctive relief (Dkt. No. 14) is denied.[1]

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for preliminary injunctive relief (Dkt. No. 14) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall provide plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on parties.

**IT IS SO ORDERED.**

Dated:  September 29, 2017
         Syracuse, NY

Brenda K. Sannes
U.S. District Judge

---

[1] Plaintiff is advised that concerns regarding his current conditions of confinement at Mid-State C.F. should be addressed through administrative channels at Mid-State C.F. and the New York State Department of Corrections and Community Supervision and, if necessary, by means of a properly filed action in the appropriate District Court.